## THOMAS J. DOMAN, Appellant, v. L. BAYLOR PENDLETON, Respondent.

### St. Louis Court of Appeals, May 17, 1910.

**PRINCIPAL AND AGENT:** Contract With Agent: Liability of Agent. In an action for damages for refusal to permit plaintiff to carry out a contract to excavate and remove dirt from a lot on which defendant, as architect, was supervising the erection of a building for another, where plaintiff testified he understood the house and lot belonged to the principal and that defendant was there for the purpose of putting up the building as architect and that he was agent for the property and represented the owner, defendant could not be held on the theory he was personally bound because he did not disclose to plaintiff who the principal was.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Williams,* Judge.

AFFIRMED.

*King & King* for appellant.

The agent is personally bound when he contracts in his own name or when he does not disclose his principal, or when he exceeds his powers. 1 Am. and Eng. Ency. of Law, pp. 1122, 1124; Central Law Journal, vol. 70, p. 49; Carpet Co. v. Crawford, 127 Mo. 356; Potter v. Bassett, 35 Mo. App. 417; Hamlin v. Abell, 120 Mo. 188; Hovey v. Pitcher, 13 Mo. 191; Blakeley v. Benecke, 59 Mo. 193; Sessions v. Block, 40 Mo. App. 569; Provenchere v. Reifess, 62 Mo. App. 50; Crum v. Boyd, 9 Ind. 289; Barrett v. Railroad, 9 Mo. App. 226; Hadley v. Satterlin, 64 Mo. App. 629; Argessenger v. McNaughton, 114 N. Y. 539, 540.

*L. L. Leonard* for respondent.

(1) The question involved is whether or not the demurrer to the evidence was properly sustained. In other words, did plaintiff fail to make out a case? If

so, the court properly took the case from the jury and it is immaterial upon what grounds the court based its action. Pope v. Boyle, 98 Mo. 531; Zeigler v. Fallon, 28 Mo. App. 298.   (2)   "In general, when a person acts and contracts avowedly as the agent of another, who is known as the principal, his acts and contracts, within the scope of his authority, are considered the acts and contracts of the principal and involve no personal liability on the part of the agent. The presumption is that an agent always intends to bind his principal and not himself." 1 Am. and Eng. Ency. of Law, pp. 1119, 1120; Ashley v. Jennings, 48 Mo. App. 146; Anderson & Co. v. Stapel, 80 Mo. App. 123.   (3)   When a contract is let for work, to be performed under great need of haste and an early date of beginning same is agreed upon, then time is the essence of the contract. And a failure to begin the work on the date specified is a breach and releases the co-obligor from all liability on the contract. Fitzgerrell v. Hayward, 50 Mo. 516; Trust Co. v. York, 81 Mo. App. 342; 2 Mo. Digest, sec. 141-143. (4)   "Prospective or anticipated profits are not recoverable on account of their inherently uncertain and conjectural character." 8 Am. and Eng. Ency. of Law, 616; Wilson & Sons v. Russler & Gnagi, 91 Mo. App. 281, et seq.; Taylor v. Maguire, 12 Mo. 317; Steffan v. Railroad, 156 Mo. App. 335.

GOODE, J.—This plaintiff asked $175 as damages for the refusal of the defendant to permit plaintiff to carry out a contract alleged to have been made between the parties for the excavation and removal of earth from a lot in the city of St. Louis. Defendant was the architect of a residence erected by Mr. Culver in Kingsbury Place and appears to have had authority to make a contract for excavating around it. Plaintiff was doing such work on another lot in the vicinity, and, having learned from a gardener in Kingsbury Place, earth would need to be removed from the Culver lot and the

architect would let the contract for it, he approached defendant for the job. Plaintiff testified defendant told him there would be about six hundred loads and they agreed the work should be done for sixty cents a load. Defendant promised to be out the next morning and discuss with plaintiff some extra work on the site of the garage; but that night plaintiff's wife became ill and he did not meet defendant in the morning as agreed. Plaintiff sent his foreman to the Culver lot the next morning without first seeing defendant, and the former began work, but was stopped by defendant, and the latter afterwards told plaintiff he had engaged some one else for the job. Plaintiff offered to carry out the contract, and, permission being refused, brought this action to recover the profit he would have made. The court below directed a verdict for defendant, and on the appeal this ruling is questioned upon the theory that defendant, though the agent of Culver, was personally bound, because he did not disclose to plaintiff who the principal was. Counsel for plaintiff says there is nothing in the testimony to prove defendant told plaintiff he was making the contract for or on behalf of any one else. Plaintiff himself testified he understood from the gardener, who first spoke to him about the work, the house and lot belonged to Mr. Culver, and that Pendleton was there for the purpose of putting up the building as architect. When asked if he understood Pendleton owned the property, plaintiff answered, "No;" that he thought Pendleton was agent, understood him to be agent for the property; was given to understand defendant was agent for the property and not the owner, and he (plaintiff) understood at the time defendant represented the owner.

Judgment affirmed. All concur.